**Leslie KEMMERER, Plaintiff—Appellant,**

v.

**STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; Barry Sternlicht, Defendants—Appellees.**

No. 03–17344.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2005.

Decided Sept. 26, 2005.

Leslie Kemmerer, Del Mar, CA, pro se.

Mary A. Lehman, Esq., Coronado, CA, Hale Lane Peek Dennison and Howard, Reno, NV, Patrick J. Reilly, Esq., Hale Lane Peek Dennison & Howard, Las Vegas, NV, for Defendants—Appellees.

Before: B. FLETCHER and BERZON, Circuit Judges, and HOUSTON,* District Judge.

MEMORANDUM **

Plaintiff–Appellant Leslie Kemmerer appeals the grant of summary judgment to Defendant–Appellee Starwood Hotels Resorts & Worldwide, Inc. ("Starwood"). We affirm.

For purposes of summary judgment, this case concerns an oral contract made on May 7, 1997, between Plaintiff–Appellant Kemmerer and Barry Sternlicht, CEO of Defendant–Appellee Starwood. Kemmerer sought out Sternlicht to propose an acquisition idea. Before Kemmerer disclosed the idea, Sternlicht agreed to pay him a fee of 1% of the acquisition price should Starwood use the idea. Kemmerer then disclosed the idea that Starwood should acquire ITT Sheraton, which had been subject to a hostile takeover bid by Hilton five months earlier. Starwood eventually did acquire ITT Sheraton in November of 1997.

---

* The Honorable John A. Houston, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

In its motion for summary judgment, Starwood introduced evidence that it had been in discussions with ITT Sheraton about the possibility of combining the two companies since shortly after Hilton's hostile takeover bid. Kemmerer introduced nothing to controvert this evidence. The district court, in granting Starwood's motion for summary judgment, held that no genuine issue of material fact existed that would rebut Starwood's evidence that it possessed the idea before Kemmerer disclosed it.

The district court was correct in finding that there is no dispute regarding whether Starwood possessed the idea prior to Kemmerer's disclosure. Because Kemmerer did not present any evidence to support his assertion that he was the first to present this idea to Starwood, or any evidence to controvert Starwood's evidence that it had entered discussions with ITT Sheraton about combining the two companies long before Kemmerer approached Sternlicht, we conclude that Starwood did not use Kemmerer's idea in combining with ITT Sheraton. Rather it used its own idea, conceived of months prior to Kemmerer's disclosure.

Kemmerer presents various specifics, discussed after the agreement was made, that he argues show that his idea was used. However, none of these specifics was used by Starwood in the way anticipated by Kemmerer and Sternlicht's discussion. Thus, they do not show that Starwood used Kemmerer's idea.

First, Kemmerer argues that he suggested that Starwood acquire, as opposed to merge with, ITT Sheraton. This approach, one of a standard panoply of options, was necessarily subsumed in the idea already being explored. Second, Kemmerer suggests that he proposed the idea that Starwood spin off ITT Sheraton's gaming properties in order to fund the acquisition, but this was in the context that he be allowed to purchase the gaming properties. Starwood eventually did sell the gaming properties, but not until well after the acquisition was complete, and not to Kemmerer. Kemmerer's letter to Sternlicht sent after their meeting reiterating his offer to purchase the gaming properties, with the backing of investors he had not yet lined up, was no more than an offer that was declined. Third, Kemmerer argues that he suggested an acquisition price of as much as $80 a share to acquire ITT Sheraton. Starwood acquired ITT Sheraton for $85 a share. This transaction did not occur until six months later, however, at a time when the stock was trading at around $80 per share. Any stock offer in connection with an acquisition is influenced by the price at which the stock is trading, so this stale idea was not used either.

Accordingly, the district court's judgment is **AFFIRMED.**

